UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBIE GARCIA, on behalf of JOSEPH LUIS GARCIA, | 1:07-cv-1593 OWW DLB |
| Plaintiffs, | FIRST AMENDED SCHEDULING CONFERENCE ORDER |
| v. | Discovery Cut-Off: 8/11/08 |
| COUNTY OF TULARE and DOES 1 through 50, inclusive, | Non-Dispositive Motion Filing Deadline: 8/19/08 |
| Defendants. | Dispositive Motion Filing Deadline: 8/25/08 |
| | Settlement Conference Date: 8/26/08 10:00 Ctrm. 9 |
| | Pre-Trial Conference Date: 10/14/08 11:00 Ctrm. 3 |
| | Trial Date: 11/18/08 9:00 Ctrm. 3 (JT-4 days) |

I.   Date of Scheduling Conference.

February 6, 2008.

II.   Appearances Of Counsel.

Morrison & Foerster LLP by Arturo J. Gonzalez, Esq., and J. Ryan Gilfoil, Esq., appeared on behalf of Plaintiffs.

Weakley, Ratliff, Arendt & McGuire, LLP by James D. Weakley, Esq., and Teresa Saucedo, Esq., Deputy County Counsel, appeared

1

1 | on behalf of Defendant.

2 | III.   Summary of Pleadings.

3 |     <u>Plaintiff's Contentions</u>

4 |     1.   Mrs. Bobbie Garcia ("Mrs. Garcia") sues on behalf of

5 | her son, Joseph Luis Garcia ("Joseph"), who suffers from

6 | cognitive deficiencies due to injuries sustained in an automobile

7 | accident.   Defendants are the County of Tulare and presently

8 | unidentified officers involved in the following incidents.   Mrs.

9 | Garcia alleges as follows:   that Joseph was arrested on warrants

10 | for another suspect and was incarcerated for over three days;

11 | that officers and jail personnel failed to adequately verify that

12 | Joseph was the suspect described in the warrant; that the

13 | officers acted pursuant to a policy, pattern, practice, or custom

14 | of excessively long detention and of failure to adequately verify

15 | arrestees' identities; and that there has been a failure to

16 | adequately train and discipline the responsible officers.   Mrs.

17 | Garcia also alleges that Defendants' actions constituted

18 | violations of Joseph's rights under the Fourth and Fourteenth

19 | Amendments; false arrest and/or imprisonment; and negligence.

20 | Mrs. Garcia seeks general, special, exemplary, and punitive

21 | damages; attorneys' fees and costs; and injunctive relief.

22 | Defendants deny Mrs. Garcia's allegations and mount numerous

23 | affirmative defenses.

24 |     <u>Defendant's Contentions</u>

25 |     2.   On June 4, 2007, Deputy Luis Pineda was dispatched to

26 | investigate a disturbance call in Earlimart.   During his

27 | investigation of the call, the Plaintiff rode up to Deputy Pineda

28 | on a bicycle.   While speaking with the Plaintiff, Deputy Pineda

1  smelled a strong odor of what he believed to be burned marijuana
2  coming from the Plaintiff's body.  The Plaintiff identified
3  himself as Joseph Garcia.  During Deputy Pineda's conversation
4  with Joseph Garcia, Mr. Garcia advised Deputy Pineda that he had
5  a glass pipe in his pocket.  Deputy Pineda ran a warrant check on
6  Joseph Garcia and conducted a brief pat down search for weapons,
7  which revealed a second glass pipe.  Joseph Garcia was
8  subsequently arrested for possession of drug paraphernalia.

9      3.    After running a warrant check on Joseph Garcia, with an
10  approximate age of 24, from the Earlimart area, dispatch advised
11  that four other warrants were active for a "Joseph Garcia" from
12  Earlimart.  The physical descriptions were very similar.  Deputy
13  Pineda advised Mr. Garcia that he was under arrest for the drug
14  paraphernalia and the outstanding warrants.  Mr. Garcia indicated
15  to Pineda that he understood.

16      4.    Joseph Garcia was booked into the Tulare County Jail on
17  the four active warrants, and the fresh charge of possession of
18  drug paraphernalia.

19      5.    On June 6, 2007, Joseph Garcia appeared in court along
20  with his attorney.  Bail was set and he was remanded for further
21  hearing.

22      6.    On June 8, 2007, Joseph Garcia appeared in court for an
23  ID hearing.  He was released on the active warrants.  However,
24  the fresh case of possession of drug paraphernalia was filed.  He
25  was released on his own recognizance to return to court.

26      7.    On August 17, 2007, Joseph Garcia appeared in court for
27  a motion to suppress, which was denied.  He then pled guilty to
28  the possession charge.

3

1    8.    A lawsuit has been brought by Bobbie Garcia on behalf

2  of Joseph Luis Garcia.   Defendant County of Tulare questions

3  Bobbie Garcia's standing to bring a lawsuit on behalf of Mr.

4  Garcia.

5  IV.   Orders Re Amendments To Pleadings.

6    1.    The parties do not presently contemplate filing any

7  amendments to the pleadings.

8  V.   Factual Summary.

9    A.   Admitted Facts Which Are Deemed Proven Without Further

10  Proceedings.

11        1.    Joseph Garcia was arrested the evening of Monday,

12  June 4, 2007, by Tulare County Sheriff's Deputy Pineda.

13        2.    Joseph Garcia was booked into the Tulare County

14  Jail on June 4, 2007.

15        3.    Joseph Garcia was released from the Tulare County

16  Jail on June 8, 2007.

17        4.    Defendant's employees acted under color of state

18  law.

19        5.    Defendant's employees acted in the course and

20  scope of their employment.

21        6.    The County of Tulare is a public entity within the

22  State of California.

23    B.   Contested Facts.

24        1.    Other than those stated above, all other facts as

25  alleged by Plaintiff relating to liability and damages are

26  contested by Defendant.

27  ///

28  ///

VI.   Legal Issues.

    A.   Uncontested.

       1.   Jurisdiction exists under 28 U.S.C. §§ 1331 and 1367 and 42 U.S.C. § 1983.

       2.   Venue is proper under 28 U.S.C. § 1391.

       3.   As to supplemental claims, the parties agree that the substantive law of the State of California provides the rule of decision.

    B.   Contested.

       1.   Whether the arrest of Joseph constituted an unreasonable seizure.

       2.   Whether the arrest and detention of Joseph constituted false arrest/imprisonment.

       3.   Whether the arrest and detention of Joseph constituted negligence.

       4.   Whether the arrest and detention of Joseph deprived him of liberty without due process of law.

       5.   Whether the Plaintiff has a Fourth Amendment claim against the Defendant, County of Tulare.

       6.   Whether Bobbie Garcia has standing to bring a lawsuit on behalf of Joseph Garcia.

       7.   Whether the arrest of Joseph Garcia amounts to a deprivation of constitutional rights against the Defendant, County of Tulare.

       8.   Whether the arrest and detention of Joseph Garcia constitutes a false arrest and false imprisonment claim under state law.

       9.   Whether the arrest and detention of Joseph Garcia

1  constitutes negligence under state law.

2          10.   The nature and extent of comparative fault and
3  fault of others.

4  VII. Consent to Magistrate Judge Jurisdiction.

5          1.   The parties have not consented to transfer the
6  case to the Magistrate Judge for all purposes, including trial.

7  VIII.       Corporate Identification Statement.

8          1.   Any nongovernmental corporate party to any action in
9  this court shall file a statement identifying all its parent
10  corporations and listing any entity that owns 10% or more of the
11  party's equity securities.  A party shall file the statement with
12  its initial pleading filed in this court and shall supplement the
13  statement within a reasonable time of any change in the
14  information.

15  IX.  Discovery Plan and Cut-Off Date.

16          1.   No changes are proposed in the timing, form, or
17  requirements for disclosures under Rule 26(a).  The parties have
18  stipulated to make initial disclosures by January 30, 2008.

19          2.   Discovery will be needed on all factual issues.

20          3.   No changes in the limitations on discovery imposed by
21  the Federal Rules or local rules are proposed.

22          4.   Plaintiff contends that electronically stored
23  information should be produced in its native format.  Defendant
24  may object to this nature of production.

25          5.   Defendant intends to have a mental examination of
26  Plaintiff conducted.  Plaintiff may object to such an
27  examination.

28          6.   The parties are ordered to complete all percipient

6

1  discovery on or before June 30, 2008.

2      7.    The parties are ordered to complete all discovery,
3  including experts, on or before August 11, 2008.

4      8.    The parties are directed to disclose all expert
5  witnesses, in writing, on or before June 16, 2008.  Any rebuttal
6  or supplemental expert disclosures will be made on or before July
7  15, 2008.  The parties will comply with the provisions of Federal
8  Rule of Civil Procedure 26(a)(2) regarding their expert
9  designations.  Local Rule 16-240(a) notwithstanding, the written
10  designation of experts shall be made pursuant to F. R. Civ. P.
11  Rule 26(a)(2), (A) and (B) and shall include all information
12  required thereunder.  Failure to designate experts in compliance
13  with this order may result in the Court excluding the testimony
14  or other evidence offered through such experts that are not
15  disclosed pursuant to this order.

16      9.    The provisions of F. R. Civ. P. 26(b)(4) shall
17  apply to all discovery relating to experts and their opinions.
18  Experts may be fully prepared to be examined on all subjects and
19  opinions included in the designation.  Failure to comply will
20  result in the imposition of sanctions.

21  X.    Pre-Trial Motion Schedule.

22      1.    All Non-Dispositive Pre-Trial Motions, including any
23  discovery motions, will be filed on or before August 19, 2008,
24  and heard on September 19, 2008, at 9:00 a.m. before Magistrate
25  Judge Dennis L. Beck in Courtroom 9.

26      2.    In scheduling such motions, the Magistrate
27  Judge may grant applications for an order shortening time
28  pursuant to Local Rule 142(d).  However, if counsel does not

obtain an order shortening time, the notice of motion must comply
with Local Rule 251.

    3.   All Dispositive Pre-Trial Motions are to be
filed no later than August 25, 2008, and will be heard on
September 29, 2008, at 10:00 a.m. before the Honorable Oliver W.
Wanger, United States District Judge, in Courtroom 3, 7th Floor.
In scheduling such motions, counsel shall comply with Local Rule
230.

XI.  Pre-Trial Conference Date.

    1.   October 14, 2008, at 11:00 a.m. in Courtroom 3, 7th
Floor, before the Honorable Oliver W. Wanger, United States
District Judge.

    2.   The parties are ordered to file a Joint Pre-
Trial Statement pursuant to Local Rule 281(a)(2).

    3.   Counsel's attention is directed to Rules 281
and 282 of the Local Rules of Practice for the Eastern District
of California, as to the obligations of counsel in preparing for
the pre-trial conference.  The Court will insist upon strict
compliance with those rules.

XII. Trial Date.

    1.   November 18, 2008, at the hour of 9:00 a.m. in
Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger,
United States District Judge.

    2.   This is a jury trial.

    3.   Counsels' Estimate Of Trial Time:

         a.   4 days.

    4.   Counsels' attention is directed to Local Rules
of Practice for the Eastern District of California, Rule 285.

XIII.        Settlement Conference.

    1.    A Settlement Conference is scheduled for August 26, 2008, at 10:00 a.m. in Courtroom 9 before the Honorable Dennis L. Beck, United States Magistrate Judge.

    2.    Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

    3.    Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship.  If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

    4.    Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement.  The statement should not be filed with the Clerk of the Court nor served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not

1  achieved and if such a request is not made the Court will dispose

2  of the statement.

3       5.    The Confidential Settlement Conference

4  Statement shall include the following:

5            a.    A brief statement of the facts of the

6  case.

7            b.    A brief statement of the claims and

8  defenses, i.e., statutory or other grounds upon which the claims

9  are founded; a forthright evaluation of the parties' likelihood

10 of prevailing on the claims and defenses; and a description of

11 the major issues in dispute.

12           c.    A summary of the proceedings to date.

13           d.    An estimate of the cost and time to be

14 expended for further discovery, pre-trial and trial.

15           e.    The relief sought.

16           f.    The parties' position on settlement,

17 including present demands and offers and a history of past

18 settlement discussions, offers and demands.

19 XIV. Request For Bifurcation, Appointment Of Special Master,

20 Or Other Techniques To Shorten Trial.

21      1.    The issue of the amount, if any, of punitive damages,

22 will be tried in a second phase in a continuous trial before the

23 same jury.  Plaintiff reserves the right to object to a phased

24 trial on Monell issues.  The Defendants seek to try, in a second

25 phase, any Monell evidence.  The Court will make a decision at

26 the time of the hearing of motions in limine on the issue of

27 phasing Monell issues, if any.

28 ///

10

1    **XV.   Related Matters Pending.**

2         1.   There are no related matters.

3    **XVI. Compliance With Federal Procedure.**

4         1.   The Court requires compliance with the Federal

5    Rules of Civil Procedure and the Local Rules of Practice for the

6    Eastern District of California.   To aid the court in the

7    efficient administration of this case, all counsel are directed

8    to familiarize themselves with the Federal Rules of Civil

9    Procedure and the Local Rules of Practice of the Eastern District

10   of California, and keep abreast of any amendments thereto.

11   **XVII.      Effect Of This Order.**

12        1.   The foregoing order represents the best

13   estimate of the court and counsel as to the agenda most suitable

14   to bring this case to resolution.   The trial date reserved is

15   specifically reserved for this case.   If the parties determine at

16   any time that the schedule outlined in this order cannot be met,

17   counsel are ordered to notify the court immediately of that fact

18   so that adjustments may be made, either by stipulation or by

19   subsequent scheduling conference.

20        2.   Stipulations extending the deadlines contained

21   herein will not be considered unless they are accompanied by

22   affidavits or declarations, and where appropriate attached

23   exhibits, which establish good cause for granting the relief

24   requested.

25   *///*

26   *///*

27   *///*

28   *///*

1     3.     Failure to comply with this order may result in

2  the imposition of sanctions.

3

4  IT IS SO ORDERED.

5  Dated:   February 13, 2008          /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28