# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBIE GARCIA, on behalf of JOSEPH LUIS GARCIA, | ) 1:07cv1593 OWW DLB ) ) |
| Plaintiff, | ) ORDER GRANTING PLAINTIFF'S MOTION ) FOR LEAVE TO FILE FIRST AMENDED ) COMPLAINT IN PART ) |
| v. | ) |
| COUNTY OF TULARE, | ) (Document 30) ) |
| Defendant. | ) ) ) |

Plaintiff Bobbie Garcia ("Plaintiff"), on behalf of her son Joseph Luis Garcia, filed the instant motion for leave to file a first amended complaint on April 8, 2008. The matter was heard on July 25, 2008, before the Honorable Dennis L. Beck, United States Magistrate Judge. James Gilfoil appeared on behalf of Plaintiff and James Weakley appeared on behalf of Defendant County of Tulare ("Defendant").

**<u>BACKGROUND</u>**

Plaintiff filed the instant civil rights action on October 30, 2007. The complaint alleges that Joseph suffers from cognitive deficiencies and chronic depression due to head injuries sustained in a 2001 car accident. The allegations arise from an allegedly unlawful arrest and detention on June 4, 2007. Plaintiff contends that he was arrested and detained until June 8, 2007, on outstanding warrants for another individual. He alleges violations of the Fourth and

Fourteenth Amendment, as well as state law causes of action for false imprisonment and negligence, and seeks monetary damages.

On May 19, 2008, the court granted Plaintiff's petition to be appointed as Joseph's guardian ad litem.

On June 20, 2008, Plaintiff filed the instant motion to file a first amended complaint. Plaintiff seeks to add three (3) individual defendants and a claim for failure to provide reasonable bail in violation of the Eighth Amendment. Defendant filed an opposition on July 8, 2008 and Plaintiff filed a reply on July 18, 2008.

## **DISCUSSION**

Federal Rule of Civil Procedure Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). The Ninth Circuit has summarized these factors to include the following: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment. Loehr v. Ventura County Cmty. Coll. Dist., 743 F.2d 1310, 1319 (9th Cir. 1984). Granting or denial of leave to amend rests in the sound discretion of the trial court. Swanson v. United States Forest Serv., 87 F.3d 339, 343 (9th Cir. 1996). Despite the policy favoring amendment under Rule 15, leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991).

Plaintiff seeks to file a first amended complaint adding three individual defendants and a claim for excessive bail in violation of the Eighth Amendment. Defendants argue there was undue delay in bringing the proposed amended complaint and the proposed Eighth Amendment claim is futile.

Given Joseph's mental condition and the apparent confusion about who was involved in his processing and the extent of their involvement, any delay in seeking to amend the complaint was not unreasonable. Adding the individual defendants changes the legal theories of this case very little and therefore additional discovery is unlikely. The minimal prejudice can be avoided by a short extension of discovery and/or the dispositive motion deadlines.

As to the futility of the proposed Eighth Amendment claim, the Court agrees the the claim is futile. To determine whether the Excessive Bail Clause has been violated, courts look to the valid state interests bail is intended to serve for a particular individual and judge whether bail conditions are excessive for the purpose of achieving those interests. *Galen v. County of Los Angeles,* 477 F.3d 652, 660 (9th Cir.2007). The state may not set bail to achieve invalid interests or in an amount that is excessive in relation to the valid interests it seeks to achieve. *Id.* For non-capital defendants, courts may neither deny bail nor set it in a sum that is the functional equivalent of no bail. *Id.* at 661.

In order to prevail on a claim that his bail violated the Excessive Bail Clause, a plaintiff alleging a § 1983 violation bears the burden of demonstrating that his bail was enhanced for purposes unauthorized by California law or that the amount of bail was excessive in light of the valid purposes for which it was set. *Galen,* 477 F.3d at 661.

In California, judicial officers are vested with exclusive authority to enhance or reduce bail and a judicial officer's exercise of independent judgment in the course of his official duties is a superseding cause that breaks the chain of causation linking law enforcement personnel to the officer's decision. *Galen,* 477 F.3d at 663. Thus, a police officer cannot be held liable under § 1983 for violating a plaintiff's right to be free from excessive bail unless the plaintiff shows that the officers deliberately or recklessly misled the judge, and that but for such misrepresentations, bail would not have been unconstitutionally excessive. *Id.* at 663-664.

Here, Plaintiff has not alleged any facts suggesting any connection whatsoever between the actions of the individual defendants and the setting of bail. Plaintiff's theory appears to be that defendants' failure to properly identify Joseph led to the setting of "excessive bail." These

3

facts do not support a claim under the Eighth Amendment and the proposed claim is therefore futile.

Based on the foregoing, Plaintiff's motion to file a first amended complaint to add Officers Strassenburg, Knoy and Deputy Pineda as defendants is granted but Plaintiff's motion to add an Eighth Amendment claim for failure to provide reasonable bail is denied. Plaintiff shall file and serve a first amended complaint, consistent with this order, within ten days of the date of service of this order. Defendants' answers shall be due within fifteen (15) days of service.

IT IS SO ORDERED.

Dated:   **August 3, 2008**              /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE